Opinion issued April 19, 2007






 














In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00635-CV

____________


RONALD BOWIE, Appellant


V.


SIERRA TRAILWAYS OF TEXAS, INC., Appellee






On Appeal from the 61st District Court

Harris County, Texas

Trial Court Cause No. 2004-11951






MEMORANDUM OPINION

 Appellant, Ronald Bowie, challenges the trial court's judgment entered in favor
of appellee, Sierra Trailways of Texas, Inc. ("Sierra"), on his claim for negligence. 
In his sole point of error, Bowie contends that the trial court erred in denying his
motion to strike seventeen veniremembers for cause. (1)

 We affirm.

Procedural Background

 During voir dire, after briefly explaining to the panel that the burden of proof
is "beyond a reasonable doubt" in criminal cases, "clear and convincing" in certain
family law cases, and "by a preponderance of the evidence" in civil cases, Bowie's
counsel questioned veniremember 1, 

[D]o you feel that you--if you were to make a decision in a civil matter,
that you would have to have proof beyond a reasonable doubt?


After counsel verified that he was speaking in regard to a civil case, veniremember
1 responded, "Probably." When subsequently questioned whether he would be able
to follow the law, veniremember 1 clarified that he "would go by what the law says." 
Counsel then asked the veniremembers, "would you require proof beyond a
reasonable doubt or clear and convincing? . . . And if the law says, 'by a
preponderance,' you really want clear and convincing, to make that decision?" 
Veniremembers 2, 4, 5, 6, 14, 15, 16, 17, 19, 20, 23, 25, 26, 27, 29, 34, 35, and 36
stated that they would require a burden of proof greater than by a preponderance of
the evidence. (2)

 Bowie challenged veniremembers 1, 2, 4, 5, 6, 14, 15, 16, 17, 20, 23, 26, 27,
29, 30, 34, 35, and 36 for cause, and Sierra challenged veniremember 19. The trial
court denied the challenges, explaining that it would be necessary to talk to each one
of the challenged veniremembers. Upon further individual questioning by Bowie and
the trial court, veniremember 1 explained that he would follow "the rule of the court." 
Veniremembers 2, 4, and 5 also explained that they would be able to follow the
court's instructions and apply the preponderance of the evidence burden of proof. 

 Illustrative of the trial court's individual and group exchanges with the venire,
when questioning the remaining challenged veniremembers as a group, the trial court
explained,

 All right. The remaining members, the jurors that are
here--apparently the same issue has come up with the four jurors that
I already brought up here and talked to them. I just want to clarify an
issue here in the trial--okay--before I bring each of you up here and tell
you the exact same thing I told each of the prior jurors.


 [Bowie's counsel] apparently had asked you all some questions
about whether or not you would require him to prove his case beyond a
reasonable doubt or by clear and convincing evidence. All right?


 And I think, from what [Bowie's counsel] says, you had each said
you will require him to prove his case beyond a reasonable doubt.


 And I just want to make sure you understand the distinction here
at law, because this is a distinction that a lot of students in law school
have a hard time understanding and a lot of lawyers have a hard time
understanding, until they've actually tried a case.


. . . .


 So, in this case, because it's a civil case, the instructions I will
give you, when the case is over, the evidence is concluded--the
instruction I will give you is: You must decide this case based on a
preponderance of the evidence. A preponderance of the evidence. Not
beyond a reasonable doubt. Not by clear and convincing evidence.


 The plaintiff only has to prove their [sic] case by a preponderance
of the evidence. And that's an instruction I will give you that you are
instructed to follow.


 I actually am telling the jurors--because you are not jurors
yet--I'm telling the jurors that sit here they must follow this law, that
you must make them [sic], the plaintiff, prove their [sic] case by a
preponderance of the evidence.


 A preponderance of the evidence is further defined as--in these
general terms, preponderance of the evidence is a greater weight and
degree of the credible evidence or testimony you hear in this case.


 And what is credible is what members of the jury decide is
credible. People on the jury are finders of fact. They decide if they
believe a witness. They decide--each juror decides if they [sic] believe
a witness. Each juror decides if they [sic] do not believe a witness. 
Jurors decide if they don't believe evidence that a party presents or they
decide if they do believe it or don't believe it. It's really--it's what the
jury decides is credible.


 So, in this case, the plaintiff must prove their [sic] case by a
preponderance of the evidence, which is the greater weight and degree
of credible evidence or testimony you hear in this case.


 Obviously, you've heard no evidence at all yet. All right?


 But based on that--just basic starting off in this case, can
everyone here, every juror that's here, that's still here, can you all decide
the case on a preponderance of the evidence?


 Will you be able to follow the instruction I give you, if that's the
instruction I give you?


 Or will you make [Bowie] prove the case at a higher standard
which I have not given you? Okay?


After this further questioning, veniremembers 6, 14, 17, 19, 26, 27, and 35 indicated
that they would require a higher burden of proof than preponderance of the evidence. 
The trial court then granted Bowie's challenge for cause to veniremembers 6, 14, 17,
26, 27, and 35, and Sierra's challenge to veniremember 19. The trial court also
granted Bowie's challenge to veniremember 30 on the ground that she disliked
employees suing their employers and would be biased in favor of Sierra. 
Veniremembers 15 and 36 were struck due to scheduling conflicts.

 Bowie then reurged his motion to strike veniremembers 1, 2, 4, 5, 16, 20, 23,
25, 29, and 34, and the trial court denied the motion. After the trial court denied the
motion, Bowie stated,

Judge, we're objecting to failure to strike for cause various jurors that
we requested. And as a result of those causes not being--those strikes
for cause not being exercised, we've had to put on Juror No. 9. And we
did not want Juror No. 16 and No. 3. And as a result of those causes, we
had to put on jurors that we felt should have been stricken for cause. (3)


Veniremembers 2, 4, 5, 10, 11, 16, 18, 22, 23, 24, 28, and 29 were empaneled on the
jury. Thus, veniremember 16 is the only objectionable juror that actually served on
the jury.

Challenges for Cause

 In his sole point of error, Bowie essentially argues that the trial court erred in
denying his challenge for cause to veniremembers 1, 2, 4, 5, 16, 20, 23, 29, and 34
because they "stated unequivocally with unshakeable conviction that they were
unable to decide the case based on the preponderance of the evidence standard, and
that they would hold [Bowie] to a higher burden of proof." He asserts that while he
"was in the process of further examining the veniremembers, [the trial court]
continuously interrupted and attempted to rehabilitate the prospective jurors before
counsel could finish the question or before the panelist could answer." Bowie further
asserts that rather than allow him or Sierra "the opportunity to question and/or
rehabilitate each juror individually, [the trial court] decided to rehabilitate all of them
himself at once."

 A person is disqualified to serve as a petit juror on a particular case if he has
a bias or prejudice in favor of or against a party in the case. Tex. Gov't Code Ann.
§ 62.105(4) (Vernon 2005). Thus, a veniremember may be statutorily disqualified
because of a general inability to follow a trial court's instructions regarding the law. 
See Hyundai Motor Co. v. Vasquez, 189 S.W.3d 743, 751 (Tex. 2006). If the record,
taken as a whole, clearly shows that a veniremember was materially biased, his or her
ultimate recantation of that bias at the prodding of counsel will normally be
insufficient to prevent the veniremember's disqualification. Cortez v. HCCI-San
Antonio, Inc., 159 S.W.3d 87, 92 (Tex. 2005). However, statements of partiality may
be the result of inappropriate leading questions, confusion, misunderstanding,
ignorance of the law, or merely "loose words spoken in warm debate." Id. Thus,
once a veniremember has expressed an apparent bias, further questioning is generally
permitted, and such a veniremember may be "rehabilitated." Id. at 91-92.

 The length and effect of efforts to rehabilitate veniremembers are governed by
the same rules that apply to all of voir dire. Id. at 92. Among these are that voir dire
examination is largely within the sound discretion of the trial court and that broad
latitude is allowed for examination. Id. As in any other part of voir dire, the proper
stopping point in efforts to rehabilitate a veniremember must be left to the sound
discretion of the trial court. Id. At the same time, trial judges must not be too hasty
in cutting off examination that may yet prove fruitful. Id. Because trial courts
exercise discretion in deciding whether to strike veniremembers for cause when bias
or prejudice is not established as a matter of law, there is error only if that discretion
is abused. Id. at 93. In reviewing such decisions, we must consider the entire
examination, not just answers that favor one litigant or the other. Id. Neither trial
courts nor appellate courts are required to consider challenges for cause based on only
one part of a veniremember's responses. Id.

 Here, eighteen veniremembers initially stated that they would require that
Bowie meet a greater burden of proof than by a preponderance of the evidence. As
the trial court later explained to these veniremembers, an understanding of the
appropriate burden of proof in a given case can be a difficult and confusing concept. 
The trial court did not abuse its discretion in clarifying to the veniremembers the
appropriate burden of proof in a civil case and questioning the veniremembers as to
whether they were capable of following such an instruction. After further individual
questioning, veniremembers 1, 2, 4, and 5 stated that they would be able to apply the
appropriate burden of proof in the case. When questioned as a group, veniremembers
16, 20, 23, 29, and 34 also indicated that they would be able to follow the trial court's
instructions. Accordingly, we hold that veniremembers 1, 2, 4, 5, 16, 20, 23, 29, and
34 were not biased as a matter of law and that the trial court did not abuse its
discretion in denying Bowie's motion to strike these veniremembers.

 We overrule Bowie's sole point of error.

Conclusion

 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.
1. No strike lists or peremptory challenges are included in the record.
2. Veniremembers 2, 4, 6, 14, 16, 17, 19, 20, 23, 25, 26, 27, 29, 34, and 35 stated that
they would require a clear and convincing burden of proof. Veniremember 5 stated
that "[i]t would have to be without a doubt for me." Veniremember 15 stated that he
thought he would require "beyond a reasonable doubt." Veniremember 36 stated that
he would require "beyond a doubt."
3. The record does not reveal the veniremembers, if any, for whom Bowie exercised his
six peremptory challenges. See Tex. R. Civ. P. 233.